# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**AHMAD ALQAM,**

    **Plaintiff,**

v.                                                           Civil Action No. 3:06CV100
                                                                 (BAILEY)

**UNITED STATES OF AMERICA,**
**FEDERAL BUREAU OF PRISONS,**
**ERIC VANCE, C/O MASSEY, KEVIN**
**WENDT, A/W HILL, CAPT. ARNOLD,**
**B. CREGAN, DR. D. WILLIAMS,**
**AND LT. WHINNERY,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.   Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull (Doc. 43), dated May 21, 2008, to which the plaintiff failed to timely object. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for

clear error.  As a result, it is the option of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 43)** should be, and is, **ORDERED ADOPTED**.

II.     Factual and Procedural Background

On September 22, 2006, plaintiff filed his Complaint alleging violations of his constitutional rights, pursuant to ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and claims for assault, battery, and medical negligence, under the Federal Tort Claims Act (FTCA).  As indicated in the Complaint, plaintiff, a Muslim inmate formerly housed at FCI-Gilmer, was present at the institution's chapel during a confrontation with a correctional officer on December 17, 2004 .  According to plaintiff, another inmate placed his hand on the correctional officer's chest to prevent him from stepping over the neck of a fellow inmate engaged in prayer.  Shortly thereafter, plaintiff contends that an unkown chaplain informed the Muslim inmates of a new Bureau of Prisons (BOP) policy limiting congregational prayer to the chapel.  As a result of this incident, the plaintiff spent time in the Special Housing Unit (SHU) for Threatening Another (Staff).

During and immediately after his time in the SHU, plaintiff complains of numerous abuses by staff.  For instance, plaintiff contends that staff repeatedly referred to him as a terrorist and kicked the door of his cell as they walked by.  In addition, plaintiff asserts that while being escorted back to his cell from the SHU, defendant Vance applied excessive force to plaintiff's restraints and verbally taunted him in response to his greeting of a fellow Muslim inmate in Arabic.  Subsequently, on February 1, 2005, plaintiff complained to medical staff of pain in his left hand, arm, and lower back.  Following an x-ray, staff

diagnosed plaintiff with having exacerbated a prior wrist fracture. Thereafter, plaintiff sought the opinion of a contract orthopedic surgeon, who confirmed that plaintiff's injuries were the result of his preexisting condition. As a result of these injuries, the plaintiff unsuccessfully sought corrective surgery through the BOP's administrative remedy process.

On April 20, 2005, the plaintiff was transferred from FCI-Gilmer to USP-Big Sandy. It bears mention that during his time at FCI-Gilmer, plaintiff filed roughly 125 grievance requests. Plaintiff maintains that his transfer occurred in retaliation for his being a Muslim and for filing grievances. Further, in effectuating this transfer, plaintiff contends that correctional officers excessively tightened his handcuffs and verbally berated him.

On February 27, 2008, the defendants filed their Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 32) in response to the allegations contained in the Complaint. In support, the defendants argue that plaintiff's **Bivens** claims are procedurally defaulted because the plaintiff failed to exhaust his available administrative remedies prior to filing suit. In addition, defendants contend that the plaintiff has failed to make out claims for assault, battery, and medical negligence. As a final matter, defendants argue that plaintiff's FTCA claims against the individual defendants must be dismissed, as the United States is the only proper defendant for claims brought under the FTCA. Subsequently, a **Roseboro** Notice was issued on February 28, 2008.

In response, the plaintiff filed his Motion and Declaration in Opposition to the Defendant's Motion for Summary Judgment (Doc. 42) on April 28, 2008. There, plaintiff reasserts the contentions of his Complaint and argues that summary judgment in favor of

the defendants is not warranted, as he has suffered constitutional violations.

Upon consideration, the Magistrate Judge found that the plaintiff failed to exhaust his available administrative remedies in regard to his *Bivens* claims, and that no genuine issue of material fact exists with regard to whether the defendants committed assault, battery, and medical negligence. As a result, the Magistrate Judge recommends granting the defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 32) and dismissing the plaintiff's Complaint. On June 16, 2008, this Court granted the plaintiff a 30-day extension to file objections to the Report and Recommendation based on plaintiff's representations that he did not have access to his legal materials as a result of his placement in the SHU. To date, the extended deadline has passed and the plaintiff's objections remain unfiled. As a result, the Court will review the Magistrate Judge's Report and Recommendation for clear error.

III.  Legal Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Moreover, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323-25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

In regard to plaintiff's *Bivens* claims, the Prison Litigation Reform Act (PLRA) requires that a prisoner must first exhaust available administrative remedies prior to bringing an action regarding conditions of confinement. 42 U.S.C. §§ 1997(e)-(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This exhaustion requirement extends to federal actions brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Porter v. Nussle*, 534 U.S.516, 524 (2002). Moreover, the failure to properly exhaust available administrative remedies may result in procedural default. *See Woodford v. Ngo,* 548 U.S. 81 (2006) (recognizing that the PLRA provisions contain a procedural default component).

The administrative remedy process governing inmate challenges to conditions of confinement is outlined in 28 C.F.R. §§ 542.10, *et seq.* As indicated in § 542.13(a), an inmate must informally present his complaint to staff prior to filing a request for

administrative remedy.  *Id.*  If the inmate is unsatisfied with the results of the informal process, he may then submit a formal written complaint to the Warden, which can be appealed to the Regional Director.  *Id.*  To the extent that the inmate is unsatisfied with the response of the Regional Director, the decision can then be appealed to the Office of General Counsel.  *Id.*

In regard to plaintiff's claims under the FTCA, 28 U.S.C. § 2679 provides the exclusive remedy for persons claiming damages as a result of actions taken by federal employees in the scope of their employment.  Concerning choice of law, the United States Court of Appeals for the Fourth Circuit has noted that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred."  *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).  While claims of assault and battery against the United States are generally barred, the FTCA permits such claims against law enforcement officers.  *See* 28 U.S.C. § 2680(h).

Under West Virginia law, an assault occurs where the defendant "(1) acted intending to cause a harmful or offensive contact with the plaintiff; or an imminent apprehension of such a contact, and (2) the plaintiff is thereby put in such imminent apprehension."  *West Virginia Fire and Cas. v. Stanley*, 602 S.E.2d 483, 495 (W. Va. 2004) (citing Restatement (Second) of Torts § 21 (1965)).  Similarly, pursuant to West Virginia law, a person is liable for battery where "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results."  *Tolliver v.*

*Kroger Co.*, 498 S.E.2d 702, 711 (W. Va. 1997) (quoting Restatement (Second) of Torts § 13 (1965)).

Concerning plaintiff's claim for medical negligence under the FTCA, West Virginia law provides that a plaintiff must prove that:

> (a) the health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonably, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury.

W. Va. Code § 55-7B-3. Furthermore, when a claim involves an assessment of whether the plaintiff was properly diagnosed and treated or whether the healthcare provider was the proximate cause of the plaintiff's injuries, expert testimony is required. *Banfi v. American Hospital for Rehabilitation*, 529 S.E.2d 600, 605-06 (W. Va. 2000).

IV. Discussion

Turning to the case at bar, it is evident that the plaintiff has failed to fully exhaust his available administrative remedies prior to filing suit. To be sure, the Court notes that with the exception of plaintiff's attempts to secure corrective surgery, none of the approximately 125 administrative remedies filed during plaintiff's stay at FCI-Gilmer contained claims of religious discrimination, excessive force, failure to protect, or retaliation as alleged by the plaintiff in the instant complaint. Moreover, even assuming that plaintiff's claim for corrective surgery was properly exhausted, this Court is without jurisdiction due to plaintiff's present location at USP-Big Sandy and plaintiff's failure to allege a cause of action regarding the conditions of confinement at the transferee facility. *Ajaj v. Smith*, 108 Fed. Appx. 743, 744 (4th Cir. 2004) (holding that the district court lacked jurisdiction to address

the conditions of petitioner's confinement at a transferee correctional facility where petitioner named only the warden of the transferee facility and failed to amend his complaint to add a cause of action regarding the conditions of confinement at that particular institution) (unpublished).

Similarly, plaintiff's assault and battery claims under the FTCA are without merit. As noted above, the FTCA permits claims of assault and battery against law enforcement officers, which are generally barred against the United States. However, evidence proffered by the defendants makes clear that a subsequent investigation of the incident found defendant Vance's use of force to be both necessary and appropriate under the circumstances. Furthermore, with the exception of the plaintiff's own self-serving allegations, there is absolutely no evidence showing that the use of force was unreasonable in the situation. As such, the plaintiff has failed to carry his burden in opposing the defendants' properly supported motion for summary judgment.

As a final matter, the Court finds that the plaintiff's medical negligence claim, brought under the FTCA, cannot survive summary judgment. To be sure, the Court notes that the plaintiff has failed to plead and support the elements necessary for establishing a claim of medical negligence under West Virginia law. *See* W. Va. Code § 55-7B-3; *see also Banfi*, 529 S.E.2d at 605-06. Accordingly, the plaintiff has failed to carry his burden in overcoming the defendants' properly supported motion for summary judgment.

V. Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Doc. 43)** is **ADOPTED**;

2. That the defendants' **Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 32)** is **GRANTED**;

3. That the **Plaintiff's Motion and Declaration in Opposition to the Defendants' Motion for Summary Judgment (Doc. 42)** is **DENIED**; and further,

3. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

Dated: July 24, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE